THE PEOPLE OF THE STATE OF NEW YORK ex rel. DALLAS B. PRATT, Relator, *v.* HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Defendants.

Supreme Court, New York Special Term, November 25, 1924.

**Taxation — moneyed capital — application for reargument in action to vacate and set aside assessment under Tax Law, as amended by Laws of 1923, chap. 897, providing for taxation of moneyed capital coming into competition with business of national banks — deduction may not be made from taxable moneyed capital of liability incurred in acquisition of non-taxable capital — deduction only permitted in acquisition of taxable moneyed capital — motion denied.**

Section 25 of the Tax Law (as amd. by Laws of 1923, chap. 897), requiring the taxation of moneyed capital coming into competition with the business of national banks at the rate of one per centum, also provides that the taxpayer, " shall be entitled to no deduction * * * because of the personal indebtedness of such owners or holders," but only permits a deduction (aside from deposits) of existing indebtedness incurred in the acquisition of taxable moneyed capital.

Accordingly, the relator's application for reargument in an action to vacate and set aside an assessment made pursuant to chapter 897 of the Laws of 1923, amending the Tax Law and providing in section 25, as amended, for the taxation of certain moneyed capital coming into competition with the business of national banks, will be denied where the relator, in the computation of the

amount of taxable moneyed capital, seeks to have a deduction made of the liability incurred in the acquisition of tax exempt securities, since, under the said statute, no such deduction may be made.

MOTION for reargument in action to vacate and set aside assessments made pursuant to chapter 897 of the Laws of 1923, amending the Tax Law, and providing in section 25, as amended, for the taxation of certain moneyed capital coming into competition with the business of national banks. (*People ex rel. Broderick* v. *Goldfogle,* 123 Misc. 399.)

*Stewart & Shearer,* for the relator.

*George P. Nicholson, Corporation Counsel,* for the defendants.

PROSKAUER, J.:

Relator contends on application for reargument that in computation of the amount of taxable moneyed capital, deduction should be made of the debts incurred in the acquisition of tax exempt securities. The stipulation of the parties is that in respect " of each item of assets the amount of indebtedness incurred in its acquisition was 92.39% of the amount of this item." Thus in acquiring tax exempt securities the relator incurred a liability of ninety-two and thirty-nine one-hundredths per cent of their value. No deduction may be made from taxable moneyed capital of a liability incurred in the acquisition of non-taxable capital. Both parties submit authorities interpreting other statutes of widely varying phraseology. The mandate of this statute is that the taxpayer " shall be entitled to no deduction * * * because of the personal indebtedness of such owners or holders." It permits deduction (aside from deposits) only of " existing indebtedness incurred in the acquisition of *such* moneyed capital," that is, *taxable* moneyed capital.

Motion for reargument denied.